PEOPLE v BURTON

Docket No. 108715. Submitted March 15, 1989, at Detroit. Decided
        June 5, 1989. Leave to appeal applied for.

        Johnnie Burton, Jr., charged in Detroit Recorder's Court with
        second-degree murder, possession of a firearm in the commis-
        sion of a felony, and mutilation of a body, filed a motion in
        limine to prevent the prosecution from introducing evidence
        consisting of an unsigned, undated, handwritten document
        prepared by his wife. The document is a 2¼-page narrative
        that implicates defendant in the charged homicide. The narra-
        tive begins as follows: "I, Jearleane Burton, being of sound
        mind [and] body, [and] soul, do request this letter to be valid,
        and my last will and testament." It concludes as follows:
        "Anything I own that would [sic] please go to my mother and
        family." The trial court, Edward M. Thomas, J., denied the
        motion, ruling that the spousal privilege is inapplicable and
        that the document, as a holographic will, is admissible under
        the hearsay exception for statements in documents affecting an
        interest in property. Defendant appealed by leave granted.

        The Court of Appeals held:

        1. The spousal privilege, MCL 600.2162; MSA 27A.2162,
        precludes examination of one spouse as a witness against the
        other without the permission of the nonwitness spouse. Here,
        where defendant's spouse will not be called upon to testify, the
        trial court did not err in determining the privilege to be
        inapplicable.

        2. The rationale for the hearsay exception for statements in
        documents affecting an interest in property, MRE 803(15), is
        that the circumstances under which dispositive documents are
        executed and the requirement that the recital be germane to
        the purpose of the document are adequate guarantees of trust-
        worthiness. In this case, whether the disputed writing purports
        to establish or affect an interest in property, the lengthy
        description of the crime is not a matter germane to the purpose

REFERENCES
Am Jur 2d, Evidence §§ 675-677, 732, 733; Witnesses §§ 148 et seq.
See the Index to Annotations under Hearsay; Husband and Wife.

of the document. The narrative is therefore not admissible under MRE 803(15).

Reversed.

1. WITNESSES — SPOUSAL PRIVILEGE.

The spousal privilege precludes examination of one spouse as a witness against the other without the permission of the nonwitness spouse (MCL 600.2162; MSA 27A.2162).

2. EVIDENCE — HEARSAY — STATEMENTS IN DOCUMENTS AFFECTING AN INTEREST IN PROPERTY.

A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document, is not excluded by the hearsay rule; the circumstances under which a dispositive document is executed and the requirement that the recital be germane to the purpose of the document are adequate guarantees of trustworthiness (MRE 803[15]).

3. EVIDENCE — HEARSAY — STATEMENTS IN DOCUMENTS AFFECTING AN INTEREST IN PROPERTY.

Statements contained in a document not meeting the requirements for a valid holographic will, where such statements do not relate to the disposition of property but instead serve to implicate a criminal defendant in the crime charged against him, are inadmissible as evidence against the defendant under the hearsay exception for statements in documents affecting an interest in property (MRE 803[15]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Monsey G. Wilson,* for defendant on appeal.

Before: HOLBROOK, JR., P.J., and MICHAEL J. KELLY and CAVANAGH, JJ.

CAVANAGH, J. Defendant Johnnie Burton, Jr., is

charged with second-degree murder, MCL 750.317; MSA 28.549, possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and mutilation of a body, MCL 750.160; MSA 28.357. On March 10, 1988, defendant filed a motion in limine to suppress introduction of an unsigned, undated, handwritten statement by his wife, Jearleane Burton, purporting to be her will. The writing implicated defendant in the October 15, 1987, homicide of William O. Ross. On March 15, 1988, the prosecutor moved for an evidentiary ruling that the purported will was admissible under MRE 803(15). By order dated March 18, 1988, the Detroit Recorder's Court ruled the evidence admissible. Defendant's trial has been stayed pending this appeal by leave granted. We reverse.

At the suppression hearing, the prosecutor argued that the purported will was admissible under MRE 803(15) as an exception to the hearsay rule. Defendant argued that MRE 803(15) was inapplicable because disposition of property was not at issue and because the writing was not a valid holographic will as it was not dated or signed. Defendant also argued that introduction of the writing would violate the spousal privilege, MCL 600.2162; MSA 27A.2162. The prosecutor replied that the spousal privilege would not apply because the prosecutor was not seeking to examine defendant's wife as a witness.

The trial court ruled:

Under the circumstances, in looking at [MRE] 803[15], . . . this Court is of the opinion that the document itself is in fact a will, and that it is in fact a will that was prepared by Jearleane Burton, which indicates that she leaves any property that she has to her parents. Further, it indicates why she is doing that. And in reading that will, it is

clear that she does not wish for anything to go to her husband, Johnnie Burton.

Under these circumstances, the Court is of the opinion that that document does in fact have an interest in property and affect the interest in property, that being any marital assets that Jearleane Burton may have, any personal assets she may have, and that in terms of that property she has absolutely no intention of leaving anything to her rightful heir, Mr. Burton, and she specified why.

I believe the prosecution is correct in terms of the assessment of the marital privilege. It does mean that the wife cannot be examined, but it does not mean that other relevant evidence that might be admissible under another rule is not admissible, regardless of who made the statement.

That being the situation, the Court is of the opinion that the will is in fact admissible evidence and it will be allowed in the trial of this case.

This Court reviews a trial court's ruling on a motion to suppress under the clearly erroneous standard. *People v Fisher,* 166 Mich App 699, 703; 420 NW2d 858 (1988). Upon review of the record, where this Court does not possess a definite and firm conviction that the trial court made a mistake, we must affirm. *Id.,* citing *People v Burrell,* 417 Mich 439, 449; 339 NW2d 403 (1983). In this appeal, defendant argues that the trial court's failure to suppress the writing was clearly erroneous. We agree.

At issue is a less than 2¼-page handwritten statement, on 8½ × 11 inch paper, allegedly prepared by defendant's wife, Jearleane Burton. The statement is not signed nor dated. It begins as follows: "To Whom it May Concern: I, Jearleane Burton, being of sound mind [and] body, [and] soul, do [r]equest this letter to be valid, and my last will and testament." Immediately following is a two-

page narrative explaining that Burton was in fear for her life and detailing the events surrounding the killing and mutilation of the victim by defendant. The writing concludes, "Anything I own that would [sic] please go to my mother and family."

We first find it unnecessary to address the confidential nature of the writing as we find the spousal-privilege statute, MCL 600.2162; MSA 27A.2162, inapplicable. The statute provides that neither spouse may be "examined as a witness" for or against the other without his or her consent. Here, the privilege is inapplicable because defendant's wife is not being called to testify, nor is defendant being questioned with regard to the statement. See *People v DeWitt,* 173 Mich App 261, 266; 433 NW2d 325 (1988). We nevertheless find the writing to be inadmissible hearsay, not falling within any exception.

Hearsay evidence is inadmissible unless it is shown to fall within a recognized exception. MRE 802; *DeWitt, supra.* Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. MRE 801(c). Hearsay is generally not admissible because the essential right of cross-examination is absent and, therefore, the jury is not afforded the opportunity to test the credibility of the person making the statement. *People v Rea,* 38 Mich App 141, 142; 195 NW2d 809 (1972). Here, the prosecutor seeks to introduce the statement of Jearleane Burton under MRE 803(15):

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> \*   \*   \*
>
> (15) Statements in documents affecting an interest in property. A statement contained in a document purporting to establish or affect an interest

in property if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document.

MRE 803 is identical with Rule 803 of the Federal Rules of Evidence. See FRE 803(15). We have found no prior Michigan or federal authority discussing the admissibility of a document purporting to be a will under this exception. Therefore, this is a case of first impression. 4 Weinstein, Evidence, § 803-306, p 307, states that wills, among other things, would come within the meaning of "document" under this hearsay exception. The rationale for the exception has been stated as follows:

It is believed that the circumstances under which dispositive documents are executed and the requirement that the recital be germane to the purpose of the document, are adequate guarantees of trustworthiness, particularly in view of the non-applicability of the rule where dealings with the property subsequent to its execution have been inconsistent with the document. Federal Rules of Evidence, Rule 803, Advisory Committee's Notes, Exception (15), 56 F.R.D. 183, 315. [*Apo v Dillingham Investment Corp,* 549 P2d 740, 743 (Hawaii, 1976).]

In this case we find that, whether or not the writing purports to establish or affect an interest in property, the lengthy description of the crime is not a matter germane to the purpose of the document. The narrative is therefore not admissible under MRE 803(15). We reject the notion that the narrative is admissible as Mrs. Burton's explanation for excluding her husband from the "purported" will. While, at first glance, this argument

has appeal, Mrs. Burton's intent is not the controlling factor for admissibility. Mrs. Burton's statement must be sufficiently related to a disposition of property to guarantee its trustworthiness under the exception. In this case, we find it is not.

First, the only elements of the writing that are testamentary in nature are the first and last sentences of the 2¼-page document. The writing, as a whole, is not testamentary but more akin to a journal entry or confession. Second, no specific disposition of property is mentioned. The only dispositional sentence contained in the writing is obscure and, in context, reads like an afterthought. Had Mrs. Burton's narrative described a certain disposition or a particular property, its resulting reliability and authenticity may have brought it within the exception. The narrative, however, describes only the details of the crime with which defendant is charged.

Additionally, the manner of execution of the writing detracts from its trustworthiness. The "purported" will is not dated, signed or witnessed.

We therefore find the writing to be an unreliable, untested out-of-court assertion. As such, its introduction into defendant's criminal proceeding to establish the truth of the matters asserted is directly offensive to the hearsay rule. The trial court committed clear error in admitting the evidence.

Reversed.