423 S.E.2d 617

**Raymond Kenneth McGUIRE and Geraldine Dudley McGuire, his Wife; Alvin C. Taylor and Pamela Taylor, his Wife; and Deborah Archer Kilgore and Harold Kilgore, Plaintiffs Below, Appellees,**

v.

**Gertrude WALKER and Oscie B. Walker, Jr., her Husband; Kenneth Bailey and Maxine Bailey, his Wife; Joseph R. Davidson; and Thomas S. Lilly, Defendants Below,**

**Maxine Bailey, Appellant.**

**No. 20917.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 16, 1992.

Decided Oct. 23, 1992.

Alvin E. Gurganus, II, Princeton, for appellees Raymond Kenneth McGuire and Geraldine Dudley McGuire.

R. Thomas Czarnik, Princeton, for appellant.

David C. Smith, Bluefield, for appellees Alvin C. Taylor and Pamela Taylor.

MILLER, Justice:

This case originated in the Circuit Court of Mercer County as an action to quiet title to approximately nine acres of land. Although the suit involves many parties, by virtue of various transfers and successions to land, at its center is the effort of Maxine Bailey, the appellant, to prove that her family owns the land. Appellant claims that her family has consistently held and used the land since 1891, when J.M. Bowling purchased thirty-seven acres of land, of which the nine acres was a part, from the Commissioner of School Lands at a delinquent tax sale.[1]

The circuit court held that the appellant had failed to prove ownership of the disputed land. Specifically, it made the following finding of fact:

"The Court finds that there is no evidence brought forward by the Baileys which would prove by clear and convincing evidence in the case that 37 acres were purchased at the school land sale because many pieces of property that are sold at school land sales never existed. That further, from the evidence there is no proof where the land came from."

The appellant argues that this finding is directly contradicted by the evidence in this case. She points to a number of deeds, including one recording the sale to J.M. Bowling by the Commissioner of School Lands.[2] The later deeds repeatedly refer back to this school lands sale deed.

These deeds are admissible hearsay evidence. Rule 803(15) of the West Virginia Rules of Evidence, allowing for the admission of statements in documents af-

---

1. Although there is much information in the record and discussion in the briefs of later transfers, due to the nature of our ruling here, we need not address them.

2. Such individuals are now termed Deputy Commissioners of Forfeited and Delinquent Lands. W.Va.Code, 11A–4–5 (1947).

fecting an interest in property, provides: "The following are not excluded by the hearsay rule, even though the declarant is available as a witness: * * * A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document." In 2 J.W. Strong, et al., *McCormick on Evidence* § 323 at 361 (4th ed. 1992), this summary is made as to Rule 803(15) of the Federal Rules of Evidence, which is identical to our rule:

"This exception has no requirement of age of the document, but it is limited to title documents, such as deeds, and to statements relevant to the purpose of the document. The circumstances under which documents of this nature are executed, the character of the statements that will qualify, and the inapplicability of this exception if subsequent dealings have been inconsistent with the truth of the statement or the purport of the document, are considered sufficient guarantees of trustworthiness."

This rule is consistent with our prior case law, as reflected in Syllabus Point 2 of *Furbee v. Underwood,* 107 W.Va. 85, 147 S.E. 472 (1929):

"The recitals in an ancient deed relating to the person or persons from whom title was derived are admissible in evidence, but only in connection with other proof of a long-continued and undisputed possession, in accordance with the right or title claimed."

*See also Wilson v. Braden,* 56 W.Va. 372, 49 S.E. 409 (1904); *Webb v. Ritter,* 60 W.Va. 193, 54 S.E. 484 (1906).

In Syllabus Point 25 of *Webb,* we held that a deed from a Commissioner of Delinquent Lands was admissible as relevant evidence of the facts therein recited:

"An ancient deed, made by a commissioner to the heirs of a deceased purchaser of land, under an order of sale in a proceeding to sell it as forfeited for nonpayment of taxes, reciting the death of

the purchaser, and inheritance by the grantees, is evidence of the facts recited, against strangers."

Thus, we find the circuit court erred in rejecting the deed that was given by the Commissioner of Delinquent School Lands, and those that followed it, which identified the property in question as part of the land sold by the Commissioner. The circuit court could not conclude under the foregoing law that the Commissioner's deed contained land which never existed, without specific proof by the party questioning the Commissioner's deed. To allow such a holding would play havoc with land titles.

We, therefore, reverse the judgment of the circuit court and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.