**UNITED STATES of America, Plaintiff,**

v.

**Frank J. WEINSTOCK, Defendant.**

**No. 94–CR–10 S.**

United States District Court,
D. Utah,
Central Division.

Sept. 7, 1994.

Stewart C. Walz, Mary Beth Walz, Esq. Asst. U.S. Attys., Salt Lake City, UT, for plaintiff.

M. David Eckersley Prince, Yeates & Geldzahler, Salt Lake City, UT, for defendant.

## MEMORANDUM & ORDER

BOYCE, United States Magistrate Judge.

The defendant, Frank J. Weinstock, has made a motion in limine pursuant to Rule 104, F.R.E. to prohibit the Government from offering or attempting to offer into evidence an out-of-court declaration of Dr. Vladimir Skondia, deceased. The defendant is charged by indictment with securities fraud in connection with the purchase and sale of securities (Counts 1 and 2, 15 U.S.C. § 78j(b), 17 C.F.R. § 240.10b–5 and 15 U.S.C. § 78ff); interstate transportation of stolen property (Counts 3 and 4, 18 U.S.C. § 2314); and mail fraud (Count 5, 18 U.S.C.

§ 1341). In Count 1, it is alleged that the defendant's fraudulent course of conduct involved misdealings with a stock certificate for Diversified Technologies, Inc. (DTI). The certificate in question (#4938) represents 35,000 shares of restricted DTI stock and was allegedly owned by Vladimir Skondia. (Indt. p. 3, ¶ 1). It is alleged defendant never had an ownership interest in the stock or the certificate nor any right to dispose of the certificate except for the benefit of DTI. It is the Government's theory that defendant forged an endorsement on the certificate and improperly used the certificate to obtain a line of credit and transferred the certificate to a third person to obtain a loan and defaulted on the loan. Skondia reported to DTI that the certificate was lost. A secured lender on the certificate sought to have the certificate transferred into his name. (Indt.)

The defendant's memorandum in support of his motion in limine contends that Weinstock received the stock certificate from Skondia to use as Weinstock saw fit. (File Entry #8, p. 2). To establish the contrary, and that Certificate #4938 was stolen, the government seeks to introduce an affidavit of Skondia given in March, 1989, before he died, which is a document from the records of Securities Transfer, Inc. Securities Transfer, Inc. was DTI's transfer agent located in Sandy, Utah (Indt. p. 3, ¶ 10). The Skondia affidavit was apparently submitted in order for him to receive a new certificate based on Skondia's claim of ownership.

The Government intends to offer foundation for the Skondia affidavit through Mr. Kim McReynolds. (Tr. May 18, 1994, p. 4, hereinafter Tr. _____). McReynolds is expected to testify as to Weinstock's and Skondia's involvement in DTI. McReynolds was an officer in DTI. McReynolds will testify as to the loss of the stock certificate from DTI records and a communication from DTI to the stock transfer agent, Securities Transfer, Inc., expressing an intent to stop transfer. (Tr. pp. 5–6). Exhibit 2 is a letter from McReynolds to Janet Johnson at Securities Transfer directing a "stop transfer" be placed on the stock certificate. Frank Weinstock's office was that last known location of the certificate. (Id.) In addition, McReynolds will testify that DTI approved by corporate resolution the issuance of a new stock certificate to Vladimir Skondia. (See Pl. Exh's 3 & 4). A new stock certificate was issued. (Tr.p.6).

The affidavit which the government seeks to introduce, and defendant opposes, recites in its material portion that Skondia is the "legal and beneficial owner of 35,000 shares of the capital stock of Diversified Tech, Inc." The stock certificate affidavit lists the certificate number, 4938, the date, "July 30, 1987," registered in the name of "Vladimir Skondia." (Pl.Exh. #1). It is further stated:

"That said certificates [were not] endorsed; that neither the said certificates nor the rights of said stockholders therein have, in whole or in part, been assigned, transferred, hypothecated, pledged, or otherwise disposed of.

That circumstances concerning the loss or destruction of the certificates and the efforts made to locate them are: Certificate never delivered to me.

That this Affidavit is made for the purpose of inducing said Company to issue new certificates in lieu of those alledged [sic] to have been lost or destroyed, deponent hereby agreeing immediately to surrender to said company the said lost certificates should they hereafter come into deponents possession or control."

The affidavit is signed and sworn to, with notarization. It is dated March 1, 1989. The affidavit was in the custody of the transfer agent, Securities Transfer. (Tr.p.6). McReynolds will testify to aiding Skondia in the preparation of the affidavit. (Id). DTI executed an indemnification agreement in case the lost certificate turned up.

The Government has stated it does not rely on the regularly kept records exception under Rule 803(6), F.R.E. for the admission of the affidavit. (Tr.p.11). At hearing on the motion, the Government also indicated it did not rely on the exception to the hearsay rule for statements against pecuniary or proprietary interests. Rule 804(b)(3).[1]

---

1. See McCormick, *Evidence,* 4th Ed. Vol. II, pp.  337–38 (1992); Wigmore, *Evidence,* (Chadbourn

The government relies on rule 803(15), F.R.E. as the basis to admit Vladimir Skondia's affidavit. It also contends the affidavit is admissible under the residual exception to the hearsay rule, Rule 804(b)(5), F.R.E. The defendant contends Rule 803(15), F.R.E. does not apply to allow the admission of the Skondia affidavit, that the general exception to the hearsay rule is also inapplicable, and that the confrontation clause to the Sixth Amendment would be violated by the admission of the affidavit.

Rule 803(15), F.R.E. provides:

"A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document."

Notes of the Advisory Committee on the 1972 Proposed Rules states that:

"Dispositive documents often contain recitals of fact. Thus a deed purporting to have been executed by an attorney in fact may recite the existence of the power of attorney, or a deed may recite that the grantors are all the heirs of the last record owner. Under the rule, these recitals are exempted from the hearsay rule. The circumstances under which dispositive documents are executed and the requirement that the recital be germane to the purpose of the document are believed to be adequate guarantees of trustworthiness, particularly in view of the nonapplicability of the rule if dealings with the property have been inconsistent with the document. The age of the document is of no significance, though in practical application the document will most often be an ancient one. See Uniform Rule 63(29), Comment."

However, nothing in the wording of Rule 803(15) requires a dispositive document. The statement in the notes of the Advisory

Committee is correct as far as it goes,[2] however it cannot be taken as a limitation on the types of documents to which Rule 803(15) applies. For example, an affidavit accompanying a notice of the death of a joint tenant "affects an interest in property," but is not dispositive. Matters allied to interests in real or personal property, that relate to the property may affect an interest in it but not be dispositive.

Rule 527 of the *American Law Institute Model Code of Evidence* provided a specific exception to the hearsay rule for recitals in *dispositive documents* and contained language similar to Rule 803(15) relating to an "other document purporting to affect an interest in realty or personalty." The language of Rule 527 expressly relating to dispositive documents was not carried over in the federal rules. Rule 63(19) of the Uniform Rules of Evidence, 1953 provided for admission of an official record of a document purporting to establish or affect an interest in property. This provision is not akin to Rule 803(15), but a specialized public records exception to the hearsay rule. Rule 63(29) of Uniform Rules of 1953 refers to recitals in documents affecting property and applies to a "deed of conveyance or a will *or other document purporting to affect an interest in property* ..." This rule seems to be the nucleus of Rule 803(15), but Rule 803(15) does not refer to a deed, conveyance or will. A broader reference of purporting to *"establish or affect* an interest in property" is used. Establish is used in the rule separately from affect.

In Louisell and Mueller, *Federal Evidence* § 463 (1980) the authors refer to Rule 803(15) as applicable to dispositive documents, but set forth three elements for the rule's application: (1) The document must purport to establish or affect an interest in property; (2) The statement must be relevant to the purpose of the document, and; (3) Subsequent dealings with the property cannot be *inconsistent* with the truth of the

---

**2.** Recitals in deeds have been held admissible under Rule 803(15) of state evidence rules. *McGuire v. Walker,* 188 W.Va. 214, 423 S.E.2d 617 (1992) (ancient document); *Carter v. Gira-*

*suolo,* 34 Conn.Supp. 507, 373 A.2d 560 (1976) (recital in deed); *Apo v. Dillingham Investment Corp.,* 57 Haw. 64, 549 P.2d 740 (1976). See McCormick, *Evidence,* 2d Ed. (1972) § 323; McCormick, *Evidence,* 4th Ed. § 323 (1992).

statement or purport of the document. Id. p. 814. These standards do not necessarily require a dispositive document. See also Graham, *Handbook of Federal Evidence,* 3rd Ed. § (1991).

Several cases construing either Rule 803(15), F.R.E. or a state counterpart have not required that the statement be in a dispositive document. In *Taylor v. United States,* 1993 WL 597379 (D.Ariz., 1993); 72 A.F.T.R.2d 93–6577, 93–2 USTC p. 50, 583 the court held real estate settlement documents, escrow instructions and supplemental escrow instructions were admissible under 803(15) as "affecting" an interest in property even though they would not necessarily be dispositive in "effect" but could "affect" an interest in property.

In *Compton v. Davis Oil Co.,* 607 F.Supp. 1221, 1229 (D.Wyo.1985) the court held "records and instruments affecting interests in property" were admissible. The court, in discussing the rule, said:

> "Such instruments are executed in relation to serious and carefully planned transactions, and the financial stake in the transaction, plus the obvious reliance upon the truth of statements made in such instruments by third parties are adequate to at least imply that the recitals in such instruments are trustworthy. *Id.* The rule states that subsequent dealings inconsistent with the truth of the statements or purport of the document undermine the presumption of reliability. *Id. Fed. R.Evid.* 803(15)." 607 F.Supp. at 1229.

The scope of the discussion suggests the rule should be applied where the document is seriously related to a carefully planned transaction. This standard would allow admission of various documents utilized in financial matters that "affect" a transaction and therefore may influence an interest in property. In *deRochemont v. Commissioner of Internal Revenue,* 1991 WL 254144, 62 T.C.M. (CCH) 1384 (U.S.Tax Ct.1991) the court held statements, imprints and notations of transfer tax authorities on documents to be admis-

sible under 803(15). These were not dispositive documents.

Several state courts have examined the admissibility of documents under state rules identical to 803(15), F.R.E. In *Harris v. State,* 846 S.W.2d 960 (Tex.App.1993) the court held a vehicle manufacturer's certificate of origin was admissible to prove a car dealership interest and a vehicle identification number. The court relied on *Madden v. State,* 799 S.W.2d 683, 697–98 (Tex.Crim.App. 1990)[3] where the court held a typewritten list of weapons and serial numbers admissible. The document was not a legally executed document. It was in the personal property of the victim of the crime. The court held the list reflected ownership in the weapons in question. The court in *Madden* relied on *Compton.* The court observed:

> "This hearsay exception is based upon the reliability of such documents. *Id.* at 1229. In, *Compton v. WWV Enterprises,* 679 S.W.2d 668, 671 (Tex.App.—Eastland 1984) no writ, the court of appeals construed Texas Rule 803(15) to relate to recitals or statements made in 'deeds, leases, mortgages, *and other such "documents affecting an interest in property"* '. (Emphasis supplied). Additionally, this Court has expressed that an exception to the hearsay rule should be liberally construed, but not mechanistically applied. *Coulter v. State,* 494 S.W.2d 876, 883 (Tex.Cr.App.1973) (interpreting business records exception).
> With this in mind, we conclude exhibit 8 was admissible as a statement affecting an interest in property, although it was not a legally executed document such as a mortgage. First, the document is a list of the weapons which Herbert owned and their corresponding serial numbers, thus indicating his interest in the property. Secondly, the document bears more than an adequate indicia of reliability. Jewel authenticated the document by testifying that the list was definitely in Herbert's handwriting and that the list was among his personal papers. It is reasonable to assume, although there was no such testimo-

---

**3.** The Government places strong reliance on *Madden* for the admissibility of the Skondia affi-

davit as to the lost stock certificate.

ny, that Herbert made this list for his own protection, i.e. insurance purposes, in case of theft or loss of one or all of the weapons, and the recitals therein are 'germane to the purpose of the document'. We hold the trial court did not abuse its discretion in admitting State's exhibit 8."

799 S.W.2d at 698.

In *Travelers Companies v. Wolfe,* 838 S.W.2d 708 (Tex.App.1992) the court held questionnaire answers on a personal bankruptcy form, in a bankruptcy proceeding, as to the value of computer equipment to be admissible under 803(15). In *McCraw v. Maris,* 837 S.W.2d 646 (Tex.App.1990) the court held a duplicate beneficiary form in the handwriting of the deceased inadmissible because it did not "affect an interest in property" because it had no legal force or effect. If the document cannot "affect" an interest in property then it is inadmissible. *Star Rentals v. Seeberg Const. Co.,* 83 Or.App. 44, 730 P.2d 573 (1986) (affidavit as to time of completion of work at a construction site is inadmissible); *State v. Kelly,* 1984 WL 4766 p. 2 (Ohio App.1984) (police report inadmissible). The statement must be "germane" to an interest in property. *People v. Burton,* 177 Mich.App. 358, 441 N.W.2d 87 (1989).

There must be adequate verification of the document. *Moore v. Goode,* 180 W.Va. 78, 375 S.E.2d 549 (1988). The document must indicate the reliability of the declaration. *Botsford General Hospital v. Citizens Insurance Co.,* 195 Mich.App. 127, 489 N.W.2d 137 (1992).

▪ Based on the authorities examined it is concluded that a document does not have to be a dispositive document to be admissible under Rule 803(15) if the document otherwise affects an interest in property,[4] is authenticated, is trustworthy, and of course, the dealings with the property since the document was made have been consistent with the truth of the statement or the purport of the document. Rule 803(15), F.R.E.

This conclusion is compatible with the sequence of other exceptions to the Federal Rules of Evidence. Rule 803(14) treats records or documents purporting to "establish or affect an interest in property." Rule 803(16) pertains to ancient documents. Rule 803(15) must be considered to go beyond Rules 803(15) and (16). The statements in the Notes of the Advisory Committee on the 1972 Proposed Rules of Evidence are not a limitation on the scope of Rule 803(15) and its specific language.[5] It is apparent the Notes reflect the fact that *part* of the origins of Rule 803(15) are in *The Model Code of Evidence* and the *Uniform Rules of Evidence of 1953.* The *Preliminary Draft Proposal of Rules of Evidence for the United States District Courts and Magistrates, March, 1969* shows the same general commentary and refers to Uniform Rule 63(29). See *The Federal Rules of Evidence, Legislative Histories and Related Documents,* Vol. 2 p. 176 and 197 (1980).

It should be emphasized that Rule 803(15), F.R.E. is an Act of Congress and should be interpreted as a statute. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* —— U.S. ——, ——, 113 S.Ct. 2786, 2793, 125 L.Ed.2d 469 (1993); *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 163, 109 S.Ct. 439, 446, 102 L.Ed.2d 445 (1988). Therefore, the rule should be interpreted in accord with its plain meaning. *Id.; Ardestani v. I.N.S.,* 502 U.S. 129, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991); *U.S. Nat. Bank of Oregon v. Independent Ins. Agents of America, Inc.,* —— U.S. ——, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993). The term "affects" an interest in property must be given its ordinary meaning. Also, the term "affect" must be given a meaning in addition to the word "establish" in the rule, with respect to an interest in property.

*Gaunt v. Alabama Bound Oil & Gas Co.,* 281 F. 653, 656 (8th Cir.1922) involved the interpretation of the term "affecting property" as used in an oil and gas lease. The

---

**4.** In 4 *Weinstein's Evidence* § 803(15) it is noted both realty and personalty may be the affected property under Rule 803(15).

**5.** The notes are to be given some weight, *Schiavone v. Fortune,* 477 U.S. 21, 31, 106 S.Ct. 2379,

2385, 91 L.Ed.2d 18 (1986), but when outweighed by the text, the notes have no significance. *Williamson v. United States,* —— U.S. ——, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994).

court said, "The usual meaning of the word 'affect' or 'affecting,' as referred to an object, is to act upon, operate upon, or concern such object ..." Under this standard the affidavit of the lost stock certificate submitted to a stock transfer agent to obtain a certificate, to be able to transact further activities involving the shareholder interest, affects the property interest in the corporate shares. It is a claim against the stockholder interest and affects the property interest in those shares. See also *Black's Law Dictionary*, Sixth Ed. p. 57 :affect: "To set upon, influence, change; enlarge or abridge ..."

■ In this case, Skondia's affidavit (Pl. Exh. 1) affects an interest in property because of his claim that he is the legal and beneficial owner of 35,000 shares of DTI stock, that the stock has not been assigned, etc., that the certificate was never delivered to him and the statement of its loss or destruction. It could cause a new certificate of shareholder interest to be issued. No allegations or recitals are made about the defendant. The recitals are relevant to the purposes of the document and pertain exclusively to the property involved. There is no evidence of subsequent dealings by the declarant inconsistent with the recitals. (Tr. pp.22–29). The document is supported by proper foundation and verification and the circumstances support a conclusion that the declaration is trustworthy. Therefore, the exhibit is admissible under Rule 803(15); F.R.E. and defendant's motion in limine to exclude the exhibit as hearsay should be denied.

*Rule 804(b)(5)*

■ The Government also contends the general exception to the hearsay rule supports admissibility of Skondia's affidavit. Rule 804(b)(5) applies when the declarant is unavailable. Skondia is dead. The declaration is admissible only if the evidence is material. Rule 804(b)(5)(A). In this case there is no question the declaration is material. The statement must be more probative on the point for which it is offered than any other evidence which the Government can procure through reasonable evidence. Rule 804(b)(5)) (B). In this case, based on the death of Skondia and the Government's theory of the case, the affidavit is critical to the Government's case and cannot be adequately duplicated. Finally, the general purposes of the Rules of Evidence and interests of justice must be best served by admission of the evidence. In this case, that interest is served if the evidence is trustworthy. The rule requires "equivalent circumstantial guarantees of trustworthiness". The credibility of Skondia has not been challenged, the general circumstance of the making of the affidavit supports its credibility. In addition, McReynolds' evidence and the actions of DTI and the communications with the transfer agent also support the truthfulness of the affidavit. These factors justify a finding of trustworthiness. *United States v. Van Lufkins*, 676 F.2d 1189 (8th Cir.1982). See Beaver, *The Residual Hearsay Exception Reconsidered*, 20 Fla.St.L.Rev. 787 (1993).

In *United States v. Treff*, 924 F.2d 975 (10th Cir.1991) the Court of Appeals upheld the admission of the deceased's diary entries as to statements made by the defendant. The court found the evidence admissible because it had " 'circumstantial guarantees of trustworthiness.' " *Id.* at p. 983. In *Hopkinson v. Shillinger*, 866 F.2d 1185 (10th Cir. 1989) the court upheld statements of two murder victims that were corroborated. See also *United States v. Wright*, 826 F.2d 938 (10th Cir.1987) (diary entries); *United States v. Sheets*, 125 F.R.D. 172 (D.Utah 1989) (evidence of diary entries admissible where material and probative, no direct evidence existed on same subject, and the statements were trustworthy and not frivolous). In *United States v. Munoz*, 16 F.3d 1116 (11th Cir., 1994) the court held deposit slips and check forms of a Panamanian bank to be admissible under the catchall exception to the hearsay rule.

In addition, the evidence is akin to evidence that may be admissible under Rule 803(6), F.R.E. and the affidavit was prepared in connection with a serious activity involving a significant financial endeavor. *Sheets*, supra.; *United States v. Kail*, 804 F.2d 441 (8th Cir.1986) (ledger sheets admissible). The evidence is not contradicted by Skondia's sub-

sequent activity. Contrast *United States v. George,* 778 F.2d 556 (10th Cir.1985).

Based on the considerations applicable under Rule 804(b)(5), F.R.E., the Skondia affidavit is also admissible under the residual exception to the hearsay rule.

*Confrontation*

■ The defendant contends that even if the affidavit of Skondia is admissible under an exception to the hearsay rule, it is inadmissible because its admission would violate the confrontation clause of the Sixth Amendment. When hearsay evidence is admitted in a criminal case a confrontation issue as to the same evidence exists. *Tennessee v. Street,* 471 U.S. 409, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985).

However, merely because evidence is hearsay does not mean it must be excluded because of the accused's right to confrontation. *Mattox v. United States,* 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895). The primary purpose of the confrontation clause was to prevent trial by ex parte affidavits (Id.). Although in this case, Skondia's affidavit is sought to be admitted by the Government, it is not trial testimony in the sense of the warning in *Mattox,* but an affidavit of loss of a stock certificate. It is a document made in the context of a business activity and is not intrinsically testimonial.

■ In *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980) the Supreme Court said the confrontation clause is not violated by the admission of hearsay evidence if it has "indicia of reliability" or has "particularized guarantees of trustworthiness." If the exception is within a "firmly rooted" exception to the hearsay rule, that alone provides indicia of reliability and the confrontation issue is averted. *White v. Illinois,* 502 U.S. 346, ——, 112 S.Ct. 736, 743, 116 L.Ed.2d 848 (1992). However, if the firmly rooted hearsay exception is not applicable, then the circumstances of the declaration must provide the indicia of reliability to support the admission of the out-of-court declaration. *Ohio v. Roberts,* supra.[6] This includes the totality of the circumstances which "surround the making of the statement and that render the declarant particularly worthy of belief." *Idaho v. Wright,* 497 U.S. 805, 820, 110 S.Ct. 3139, 3149, 111 L.Ed.2d 638 (1990). However, "corroboration" of the statement does not make the statement trustworthy for purposes of the right to confrontation. *Id.* at p. 822–23, 110 S.Ct. at p. 3150–51; See Lewis, *Corroborated Hearsay and the Confrontation Clause,* 15 Am.Jnl. of Trial Advocacy, 293 (1991). The court in *Wright* stated that "if the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility, then the hearsay rule does not bar admission at trial." 497 U.S. at 820, 110 S.Ct. at 3149. See *United States v. Affleck,* 776 F.2d 1451 (10th Cir. 1985) (Defendant has sufficient access to employees and other to counter assertions); *United States v. Young,* 736 F.2d 565 (10th Cir.1983) (accountant's hearsay evidence admissible); *United States v. Gomez,* 810 F.2d 947 (10th Cir.1987) (Cocaine buyer's statement had adequate indicia of reliability); *Minner v. Kerby,* 30 F.3d 1311 (10th Cir. 1994) (laboratory reports).

■ The residual exception to the hearsay rule, 804(b)(5), is not a firmly rooted exception to the hearsay rule. *Idaho v. Wright,* supra., *Hopkinson v. Shillinger,* 866 F.2d 1185 (10th Cir.1989). Rule 803(15), F.R.E. governing admission of statements affecting an interest in property is a firmly rooted exception with regard to dispositive documents and recitals in deeds. McCormick, *supra.,* 4th Ed. The Government contends Rule 803(15), F.R.E. is generally a firmly rooted exception to the hearsay rule. However, the Government has not provided a significant analysis as to this contention. As noted before, the provisions of Rule 803(15) are an expansion over the common law and the *Model Code of Evidence.* The rule goes beyond dispositive documents. It must be concluded that Rule 803(15), F.R.E. is not a firmly rooted exception to the hearsay rule as the rule is applied in this case and as

---

**6.** The court is not concerned with the unavailability of the declarant in this case because he is · deceased.

expanded and adopted by the Federal Rules of Evidence in 1975. Therefore, the circumstances of the declaration must be considered to determine the admissibility of the Skondia affidavit as to the lost stock certificate.

First, the Skondia affidavit is in writing subscribed by Skondia. Skondia had personal knowledge of the facts expressed. The affidavit is not testimony or accusatorial. It was prepared as to a lost stock certificate and identifies the certificate and makes a short statement as to the certificate not being in its proper location. The purpose of the document was to obtain a new certificate. The document will be properly authenticated at trial. Rule 901(b)(1), 903, F.R.E. The affidavit was executed as a part of serious and carefully planned business transaction. Finally, the affidavit was subscribed and sworn to and duly notarized. There is no apparent motive or indication of false purpose for the declaration. The declarations in the statement are so limited, that cross-examination about the document itself would be of little worth or "marginal utility" distinct from the surrounding circumstances of the transaction with the lost certificate, which is no part of the affidavit. The totality of the circumstances of the affidavit render it particularly worthy of belief. The declaration has adequate indicia of reliability. *Minner v. Kerby,* 30 F.3d 1311 (10th Cir.1994) (police chemist's notes have sufficient indicia of reliability to overcome confrontation objection). Therefore, it is concluded plaintiff's Exhibit 1 is admissible and defendant's motion in limine should be denied.

Therefore, it is hereby

**ORDERED** that the Motion in Limine of Frank J. Weinstock to exclude the affidavit of Vladimir Skondia is denied.