**Randy G. STAHL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 43A03–9604–CR–136.

Court of Appeals of Indiana.

Jan. 15, 1997.

Michael W. Reed, Reed & Earhart, Warsaw, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Randy G. Stahl appeals his convictions for fraud on a financial institution, as a Class C felony, and theft, as a Class D felony. The facts relevant to appeal are recited below.

On June 10, 1995, Vince Johnson informed a representative of Mutual Federal Savings Bank that his Automated Teller Machine (ATM) card was lost. A hold was placed on Johnson's account. On June 14, 1995, Johnson met with the bank branch manager regarding overdrafts charged to his account. The bank manager researched the account and determined that $150 in ATM withdrawals had been made on the account. Johnson reported that he had not made the withdrawals.

Further investigation by the bank manager revealed that the withdrawals had been made on June 9, 1995. The withdrawals stemmed from a series of withdrawal attempts which occurred each immediately after the other. The first attempt netted $100. The second attempt netted $50. At least two other attempts for $20 and $10 were unsuccessful.

The bank manager then reviewed the video tape of the withdrawals from Johnson's account. She discovered that Johnson had not made the withdrawals. The bank manager notified the police.

Johnson returned to the bank on June 15, 1995. Johnson was told that a clear picture of the person who made the withdrawals was obtained from the video tape.

The bank manager told Johnson that he had to complete an "affidavit of forgery" prior to viewing the tape. The affidavit is required by the bank prior to reimbursing an account for unauthorized withdrawals. The

form expressly stated that Johnson "did not use such card or authorize its use by [another] person(s) for such transactions nor did [Johnson] receive any benefit from said transactions." After Johnson completed the form, his account was credited for the withdrawals, less a $50 charge, and the amount charged for overdrafts.

Police officers, the bank manager and Johnson then viewed the tape. Johnson was visibly surprised. He identified Stahl, a friend, as the person who made the withdrawals. One of the police officers in attendance also recognized Stahl.

Later that day, Johnson returned to the bank. He stated that he spoke to Stahl's mother and that she would reimburse him for the withdrawals. He asked that the charges be "dropped." Johnson then returned that day with the money to reimburse the bank.

Johnson did not testify at the trial. Stahl testified on his own behalf. He offered an explanation that he and Johnson were smoking marijuana when Johnson gave Stahl permission to use the ATM card. Stahl was convicted as stated above. This appeal ensued. Other evidence relevant to appeal is provided as necessary.

■ As restated, Stahl presents one issue for review: whether the trial court erred in admitting into evidence Johnson's affidavit.

Stahl contends that a proper foundation was not laid for admission of the affidavit, and, in turn, the conviction must fail because no other evidence of Stahl's unauthorized use of the ATM card exists. The affidavit was admitted through the bank manager's testimony. Stahl directs our attention to Ind. Evidence Rules 803(6) and 803(15). In pertinent part, they provide:

### Rule 803. Hearsay Exceptions: Availability of Declarant Immaterial

**(6) Records of Regularly Conducted Business Activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony or affidavit of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. The term 'business' as used in this Rule includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

\*     \*     \*     \*     \*     \*

**(15) Statements in Documents Affecting an Interest in Property.** A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purposes of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document.

Generally, the determination whether admission of evidence was premised upon a proper evidentiary foundation is a matter left to the trial court's sound discretion. The determination will be reversed only upon a showing of an abuse of that discretion. *Payne v. State,* 658 N.E.2d 635, 644–645 (Ind.Ct.App.1995) (noting that the trial was held prior to the effective date of the Ind. Evidence Rules).

Here, as a foundation for admission of the affidavit, the bank manager testified that the affidavit is used in the normal course of business activities, is relevant to the bank's business operation, was executed and notarized in her presence, and was retained by the bank. The trial court did not abuse its discretion in determining that a proper foundation supported admission of the affidavit.

■ Stahl also complains that the evidence to support the findings of guilt is insufficient. A court on review will neither reweigh the evidence nor judge the credibility of the witnesses. Instead the court looks only to the evidence and reasonable inferences to be drawn therefrom which support the verdict.

*Wooden v. State*, 657 N.E.2d 109, 111 (Ind. 1995).

In pertinent part, the statute regarding theft provides:

A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony.

IND.CODE § 35–43–4–2(a) (1993 Ed.).

The statute regarding fraud on a financial institution states in relevant part:

A person who knowingly executes, or attempts to execute, a scheme or artifice:

(1) to defraud a state or federally chartered or federally insured financial institution; or

(2) to obtain any of the money, funds, credits, assets, securities, or other property owned by or under the custody or control of a state or federally chartered or federally insured financial institution by means of false or fraudulent pretenses, representations, or promises;

commits a Class C felony.

IND.CODE § 35–43–5–8(a) (1993 Ed.).

As noted the evidence contained in the affidavit was properly admitted. However, additional evidence supports the verdict. Johnson instigated the inquiry by the bank because he did not understand the cause of the overdrafts. The withdrawals, in the amount of $150, were made by use of the ATM card. Both the bank manager and the police officer viewed the video tape and determined that Johnson did not make the withdrawals. The police officer knew Stahl and was able to identify him on the tape. Initially, the bank reimbursed Johnson's account for the amount of the withdrawals and overdraft charges, less a $50 charge. Further, the numerous successive attempts to withdraw money from the account are not indicative of use of the account with permission by the owner. With or without the affidavit, the evidence is sufficient. The jury was not required to believe Stahl's explanation regarding his use of the ATM card.

There being no reversible error, the judgments of conviction are affirmed.

Affirmed.

GARRARD and FRIEDLANDER, JJ., concur.