Eli S. HANNOY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0206–CR–282.

Court of Appeals of Indiana.

Aug. 20, 2003.

J.J. Paul, III, Voyles Zahn Paul Hogan & Merriman, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BARNES, Judge.

In *Hannoy v. State,* 789 N.E.2d 977 (Ind.Ct.App.2003), we held (1) police violated Hannoy's Fourth Amendment rights when it drew his blood without complying with the implied consent statute, without seeking his actual consent, and without having probable cause that he was intoxicated; and (2) police did not violate his Fourth Amendment rights when they obtained the results of a second blood alcohol test performed by the hospital where Hannoy was taken for treatment. Both the State and Hannoy have filed petitions for rehearing in this case. We issue this opinion on rehearing but re-affirm our original decision in all respects.

The State does not challenge the analysis in our original opinion. For the first time in this case, it now argues that the "inevitable discovery" doctrine should apply and that the first blood test results should be admitted into evidence because police developed probable cause to believe Hannoy was intoxicated shortly after the contested blood draw was actually performed. Police generally may draw blood from a driver for purposes of testing blood alcohol content without a warrant or consent if they have first developed probable cause to believe the driver is intoxicated. *See Hannoy,* 789 N.E.2d at 983 (citing *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966)).

We will not consider the State's new argument. One of the bedrock rules of appellate procedure is that "an issue not briefed or urged in the original briefs on appeal generally cannot be raised for the first time in a petition for rehearing." *Strong v. Jackson,* 781 N.E.2d 770, 772 (Ind.Ct.App.2003), *trans. denied; see also Griffin v. State,* 763 N.E.2d 450, 451 (Ind. 2002) ("A petitioner may seek rehearing only on points raised in the original brief."). "There are sound reasons for requiring a party to present all known arguments or claims to an appellate court before its decision is rendered. Rehearing opinions exhaust precious judicial resources that could be expended elsewhere." *Northern Indiana Commuter Transp. Dist. v. Chicago SouthShore,* 685 N.E.2d 680, 687 (Ind.1997). "Issues may be raised for the first time on rehearing when a state court acts in an unanticipated way to deprive a party of the opportunity to make an argument or present a valid defense based on the Federal Constitution."[1] *Strong,* 781 N.E.2d at 772 (citing *Chicago SouthShore,* 685 N.E.2d at 687). There was no surprise in our first opinion. We addressed the issues precisely as framed by the parties; we did not sua sponte venture into issues not raised by the parties. The State fails to explain why it could not have raised an "inevitable discovery" argument prior to its brief on rehearing. In our original opinion we specifically noted that the State did not argue "inevitable discovery." *Hannoy,* 789 N.E.2d at 989 n. 5. To allow the State to make such an argument now would be both procedurally and practically unfair and would expose this court to the charge that we "tipped off" the State as to an argument it should have raised in its original brief. The procedural horse is now out of the barn; the State cannot now figuratively lock that barn door.

■ Hannoy now petitions for rehearing alleging that we erred in our original opinion by holding that the results of diagnostic blood tests performed by hospitals were discoverable by law enforcement without first obtaining a warrant or probable cause of intoxication. He takes issue with our reliance on *Oman v. State,* 737 N.E.2d 1131 (Ind.2000), and in particular with our statement that "drivers in Indiana 'should have little or no expectation of privacy in a post-accident test result that indicates the presence of' drugs or alcohol." *Hannoy,* 789 N.E.2d at 991 (quoting *Oman,* 737 N.E.2d at 1146). We decline to revisit this holding of our original opinion except to say that our discussion and analysis of the ability of law enforcement to secure blood test results under Indiana Code Section 9–30–6–6(a) was carefully considered.

We do believe there is a clear and substantial difference between allowing police to force a person to submit to having his or her blood withdrawn to look for evidence of a crime, in which case probable cause or actual consent must first be obtained, and police receiving blood test results after-the-fact when the results were obtained by a physician as part of the person's medical treatment. Contrary to Hannoy's assertions, we reiterate that Indiana Code Section 9–30–6–6(a) is a constitutional, legally recognized protocol for law enforcement to obtain blood test results where the test was performed in the normal course of a person's medical treatment. This was based not only on our reading of *Oman,* but also the United States Supreme Court's decision in *Ferguson v. City of Charleston,* 532 U.S. 67, 121 S.Ct. 1281,

---

1. Parties may also argue a trial court's lack of subject matter jurisdiction at any time, including for the first time on rehearing. *Strong,* 781 N.E.2d at 772. This exception obviously is not applicable here.

149 L.Ed.2d 205 (2001). *Ferguson* disapproved of hospital personnel working on behalf of police to perform chemical testing of their patients for law enforcement purposes, but expressly did not question the constitutionality of statutes requiring hospital personnel to turn over evidence acquired during the normal course of a patient's treatment. In this regard, Hannoy's concern that the "next, unchecked step, is for emergency room personnel to draw and test blood as a favor to police" is unfounded. Appellant's Pet. for Reh'g, p. 5. *Ferguson* clearly places the check on such a step.

 As for Hannoy's claim that we erred in holding that he may be retried, despite the erroneous admission of the first blood test results, we note that our supreme court has recently reiterated and made it "clear" that the reversal of a conviction "on grounds of improperly admitted evidence does not bar retrial." *Carpenter v. State*, 786 N.E.2d 696, 705 (Ind.2003) (citing *Stahl v. State*, 686 N.E.2d 89, 94 (Ind.1997)). This is so, even if the properly admitted evidence by itself is insufficient to sustain the conviction. *See id.* at 704–05. We also decline Hannoy's request that we reconsider our statement in the original opinion regarding probable cause in the context of operating a vehicle while intoxicated. *See Hannoy*, 789 N.E.2d at 989 (citing *Clark v. State*, 175 Ind.App. 391, 397, 372 N.E.2d 185, 189 (1978)).

We grant the parties' petitions for rehearing, but in so doing we re-affirm our original opinion in all respects, subject to the above comments and clarifications.

SHARPNACK, J., concurs.

RILEY, J., votes to deny.