**Eric M. SERRANO, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–0309–CR–478.**

Court of Appeals of Indiana.

May 20, 2004.

Rehearing Denied July 7, 2004.

Robert D. King, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Eric Serrano appeals his conviction for Sexual Misconduct with a Minor,[1] a class C felony. Specifically, Serrano argues that his conviction must be reversed on the grounds of insufficient evidence because the trial court erred in admitting the police officer's arrest report as the only evidence of his age. Finding that the arrest report was inadmissible hearsay evidence, we reverse the judgment of the trial court.

### FACTS

In August 2001, fourteen-year-old D.A. moved from her mother's house to her father's house. At the time, she and Serrano lived on the same street and were friends. On September 19, 2001, D.A. wanted to leave her father's house because of a conflict with her father. So she called Serrano to come pick her up because he was her only friend with a car. Serrano picked D.A. up from a bowling alley and

---

1. Ind.Code § 35–42–4–9.

drove to the house of one of his friends. Thereafter, they went to another friend's house before proceeding to a Days Inn on the north side of Indianapolis.

Upon arrival at the hotel, Serrano rented a room. D.A. laid on one of the two beds in the room, but later moved over to the bed on which Serrano was lying. Serrano asked D.A. to have sex with him. After initially declining, D.A. acquiesced, and the two engaged in intercourse. They stayed in the hotel that night, and Serrano took D.A. to her mother's house the next morning.

When D.A. got home, her mother asked her where she had been and what had happened. D.A. told her exactly what happened, and her mother, therefore, called the police and took her to Wishard Hospital.

The State filed formal charges against Serrano on December 13, 2001, but, for reasons that are unclear, his initial hearing was not held until February 5, 2003. Serrano waived his right to a jury trial, and a bench trial commenced on July 25, 2003. During the trial, the State sought to enter into evidence Serrano's arrest report, which states that his date of birth is February 1, 1982. This date of birth would have made Serrano eighteen at the time of the incident. Serrano's counsel strenuously objected to the introduction of the arrest record on the grounds that it was inadmissible hearsay. The State attempted to authenticate the arrest record as a business record. Ultimately, the trial court admitted the arrest record into evidence as a "certified copy of the public records" over Serrano's objection. Tr. p. 57. No other evidence of Serrano's age was introduced into evidence. At the end of the bench trial, the trial court found Serrano guilty. He was sentenced to four years with the Department of Correction,

with three years suspended, and he now appeals.

## DISCUSSION AND DECISION

■ Serrano argues that his conviction must be reversed because the trial court improperly relied on hearsay evidence to establish his age at the time of the offense. Thus, his argument is that the State failed to provide sufficient evidence of an essential element of the case—namely, his age.

We note that when reviewing a conviction for sufficiency of the evidence, we will not reweigh the evidence or judge the credibility of witnesses. *Vasquez v. State*, 741 N.E.2d 1214, 1216 (Ind.2001). Instead, we look to the evidence and the reasonable inferences therefrom that support the verdict and will affirm a conviction if evidence of probative value exists from which a jury or judge could find the defendant guilty beyond a reasonable doubt. *Id.* Thus, we will affirm unless no reasonable finder of fact could find the elements of the crime proven beyond a reasonable doubt. *Bethel v. State*, 730 N.E.2d 1242, 1244 (Ind.2000). However, where evidence and reasonable inferences of a material element of the offense are totally lacking, there is fundamental error. *Meredith v. State*, 439 N.E.2d 204, 208 (Ind.Ct.App.1982).

■ No one may be convicted of a crime except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In order to convict Serrano of sexual misconduct with a minor, the State was required to prove that (1) Serrano, (2) who was at least eighteen years of age, (3) performed or submitted to sexual intercourse (4) with a child at least fourteen years of age but less than sixteen years of age. Ind.Code § 35–42–4–9.

■ Additionally, we note that hearsay is generally not admissible, Ind. Evidence Rule 802, and is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). These rules are meant to prevent the introduction of unreliable evidence that cannot be tested through cross-examination. *Cook v. Whitsell–Sherman,* 796 N.E.2d 271, 278 (Ind. 2003). However, records of regularly conducted business activity are admissible under Indiana Rule of Evidence 803(6), and public records and reports, except investigative reports by police and other law enforcement personnel, are admissible under Indiana Rule of Evidence 803(8). Specifically, Rule 803(6) states:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony or affidavit of the custodian or other qualified witness, *unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.* The term "business" as used in this Rule includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

(emphasis added). Indiana courts applying Rule 803(6) have held that the person who records the information in the regular course of business must also have personal knowledge of the information recorded in order to make it reliable. *Stahl v. State,* 686 N.E.2d 89, 92 (Ind.1997) (citing *D.W.S.*

*v. L.D.S.,* 654 N.E.2d 1170, 1173 (Ind.Ct. App.1995)).

It is clear from a reading of the plain language of the rule that the arrest record is not excepted from the hearsay rule under 803(8). However, the State actually argued to the trial court for the arrest record to be admitted as a business record under 803(6), in spite of the fact that the trial court referred to it as a "certified copy of the public records." Tr. p. 57. Thus, we must address this 803(6) argument.

Here, Officer Joseph Johnson testified that he was the keeper and custodian of the records of the Indianapolis Police Department Identification and Records Branch. He further testified that the arrest report was made at or near the time of the events to which it relates and that he is under a duty to keep the records and the reporting officer is under a duty to obtain the information contained therein. Tr. p. 53. However, Officer Johnson did not testify that Officer Denney, who filed the arrest report, had personal knowledge of the information contained therein. Moreover, as Serrano's counsel pointed out, the circumstances in this case indicate that a lack of "trustworthiness" as set forth in 803(6) existed. Specifically, Officer Denney did not testify, so he could not be cross-examined. Thus, the trial court could not know how Officer Denney came by that particular date of birth. Moreover, Officer Johnson testified that he did not have personal knowledge of where the information in the arrest report may have originated. Tr. p. 56. The unreliability of this information becomes even clearer considering that the Pre–Sentence Report and the Pre–Sentence Investigation list Serrano's date of birth as October 22, 1983. Appellant's App. p. 38, 41. If that were his true date of birth, Serrano would have been seventeen at the time of the incident,

which means that he could not have been guilty of the charged offense.

In light of the fact that the circumstances in this case indicate a lack of trustworthiness, the information contained in the arrest record is hearsay evidence that does not fall under any exception. Therefore, it was improper to admit the arrest record. Inasmuch as this was the only evidence the State presented regarding Serrano's age—an element of the offense—his conviction cannot stand.

■■■ This conclusion leads us to the question of whether Serrano may be retried upon remand. Where the evidence actually presented at trial was insufficient as a matter of law to sustain the conviction, the defendant may not be retried on those charges. *Carpenter v. State*, 786 N.E.2d 696, 705 (Ind.2003). However, " 'if all the evidence, even that erroneously admitted, is sufficient to support the jury verdict, double jeopardy does not bar a retrial on the same charge.' " *Id.* (quoting *Stahl v. State*, 686 N.E.2d 89, 94 (Ind. 1997)). Here, the *only* evidence of Serrano's age was the arrest record. There is no evidence as to the source of the information contained in the arrest record, and it is therefore devoid of any indicia of reliability. When evidence is admitted that is prejudicial but without which the State's case would not otherwise fail, the State may retry the defendant. *See id.* However, when the only evidence of a material element is inadmissible, the State has failed to satisfy its burden of proof, and it may not have a second chance. The rule cannot be otherwise or the State could endlessly retry defendants and appeal until they can finally obtain a conviction. In sum, the evidence admitted at trial—ad-

missible and inadmissible alike—is insufficient as a matter of law to sustain Serrano's conviction, and the charges against him are hereby dismissed with prejudice.[2]

The judgment of the trial court is reversed.

FRIEDLANDER, J., concurs.

BAILEY, J., concurs and dissents, with opinion.

BAILEY, Judge, concurring and dissenting.

I concur in the majority's reversal of Serrano's conviction for sexual misconduct with a minor, a Class C felony, on the basis that the trial court's admission of the arrest warrant constituted reversible error. However, I respectfully dissent from the majority's conclusion that Serrano may not be retried upon remand. The United States Supreme Court has held that where the "trial court erred in admitting a particular piece of evidence [without which] there was insufficient evidence to support a judgment of conviction [and where] clearly with that evidence, there was enough to support the sentence[,] ... a reviewing court must consider all of the evidence admitted by the trial court in deciding whether retrial is permissible under the Double Jeopardy Clause." *See Lockhart v. Nelson*, 488 U.S. 33, 40, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). In addition, our supreme court has repeatedly held that "where the appellate court reverses the conviction for 'trial error' and the evidence offered by the State and admitted by the trial court—whether erroneously or not—would have been sufficient to sustain a guilty verdict, no double jeopardy question is presented on a retrial." *See,*

---

**2.** While it was not evidence before the trial court, we note that the pre-sentence report indicates that Serrano was only seventeen years old at the time the alleged offense was committed. If true, no charges should have been brought against Serrano as a matter of law.

*e.g., Carpenter v. State,* 786 N.E.2d 696, 705 (Ind.2003) ("[I]f all the evidence, even that erroneously admitted, is sufficient to support the jury verdict, double jeopardy does not bar a retrial on the same charge."); *see also Williams v. State,* 544 N.E.2d 161, 163 (Ind.1989), *reh'g denied; Perkins v. State,* 542 N.E.2d 549, 551 (Ind. 1989).

Here, the admissible evidence, which demonstrates that Serrano engaged in sexual intercourse with fourteen-year-old D.A., coupled with the inadmissible evidence, which reveals that Serrano was eighteen years old at the time of the offense, is sufficient to support the trial court's judgment. Thus, this cause can be remanded for retrial without offending the protections afforded by the Double Jeopardy Clause.[3] *See, e.g., Browning v. State,* 775 N.E.2d 1222, 1226 (Ind.Ct.App.2002).

For these reasons, I concur in part and dissent in part with the majority opinion.

---

3. The Pre–Sentence Investigation Report, which was a part of the sentencing record but not a part of the trial record, indicates that Serrano was not eighteen years old at the time of the offense. If that representation is accurate, Serrano clearly has a basis for a motion to dismiss the information if the State chooses to re-file the charges.