**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 06 2012, 8:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CAROLINE B. BRIGGS**
Lafayette, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN KAMP, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 66A05-1109-PC-485 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE PULASKI SUPERIOR COURT
The Honorable Patrick B. Blankenship, Judge
Cause No. 66D01-0505-FC-2

**December 6, 2012**

**OPINION ON REHEARING**

**BAKER, Judge**

This case comes before us on rehearing. In the original appeal, appellant-petitioner Steven Kamp appealed the denial of his petition for post-conviction relief, which claimed that his defense counsel's illnesses and disabilities amounted to ineffective assistance of counsel. Kamp v. State, No. 66A05-1109-PC-485 (Ind. Ct. App. June 28, 2012). Kamp alleged, among other things, that his trial counsel, Charlie Scruggs, who represented him during a jury trial for the offense of child molesting, a class C felony, was suffering from tinnitus, headaches, and other illnesses that he sustained as a result of a bombing of the Howard County Courthouse in the 1980s. Kamp contended that those injuries prevented Scruggs from providing him with effective representation.

Kamp was found guilty as charged, and in his initial appeal to this court, he challenged the sufficiency of the evidence and the propriety of the eight-year sentence that was imposed. We affirmed in all respects. Kamp v. State, No. 66A05-0604-CR-202 (Ind. Ct. App. Mar. 20, 2007). Thereafter, we affirmed the denial of Kamp's request for post-conviction relief concluding, among other things, that "Scruggs' actions were reasonable under prevailing professional norms." Slip op. at 22.

Kamp now petitions for rehearing, again claiming that his petition for post-conviction relief should have been granted because Scruggs's "deterioration brought on by his illnesses and handicaps" resulted in ineffective assistance of counsel. Appellant's Br. on Pet. for Reh. p. 2.

We grant rehearing for the limited purpose of clarifying certain factual assertions that were made in our original opinion. More particularly, the record reflects that it was attorney Stephanie Doran—rather than Scruggs's paralegal, Stephanie Blackman—who was familiar with Scruggs's handwriting, reviewed the DCS's report, testified that Scruggs's discovery measures were "uncharacteristic," and testified about Scruggs's tinnitus, illness, and inability to concentrate at times. Appellant's App. p. 158-60, 163.

However, even though it was Doran who offered the evidence and testimony set forth above, we nonetheless reject Kamp's contention that we improperly applied the ineffective assistance of counsel standard in accordance with Strickland v. Washington, 466 U.S. 668 (1984). In other words, we reaffirm our original holding that Kamp has failed to show that Scruggs's alleged failings would have had a reasonable probability of affecting the outcome of this case.

Finally, Kamp requests that we consider whether a violation occurred because the State allegedly failed to disclose material evidence that was favorable to him and directs us to State v. Hollin, 970 N.E.2d 147 (Ind. 2012). However, Kamp did not present the issue of whether the State should have turned over certain "Brady[1] material" to him in his petition for post-conviction relief. As a result, the issue is waived. See Walker v. State, 843 N.E.2d 50, 57 (Ind. Ct. App. 2006) (observing that issues not raised in a petition for post-conviction relief may not be raised for the first time on post-conviction appeal); see also Hannoy v. State, 793 N.E.2d 1109, 1111 (Ind. Ct. App. 2003) (stating that an issue

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

3

not raised in the original briefs on appeal cannot be raised for the first time in a petition for rehearing).

In sum, subject to the corrections set forth above, we reaffirm our original opinion in all respects.

BAILEY, J., and DARDEN, S.J., concur.