## MEMORANDUM DECISION

## ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 17 2020, 8:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

William Stillwell
Penelope Stillwell
Clearwater Beach, Florida

ATTORNEYS FOR APPELLEES

Michelle A. Spahr
Peter A. Schroeder
Norris Choplin Schroeder LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William Stillwell and
Penelope Stillwell,

*Appellants-Plaintiffs,*

v.

Cohen & Malad LLP,
Irwin B. Levin, Gregory L.
Laker, Daniel S. Chamberlain,
and Does 1 through 7, *inclusive*,

*Appellees-Defendants,*

September 17, 2020

Court of Appeals Case No.
19A-CT-2814

Appeal from the Marion Superior
Court

The Honorable P.J. Dietrick, Judge

Trial Court Cause No.
49D12-1904-CT-17404

**Robb, Judge.**

[1] This case comes before us on rehearing. In *Stillwell v. Cohen & Malad LLP*, No. 19A-CT-2814, 2020 WL 2963341, at *1-3 (Ind. Ct. App. June 4, 2020), the Stillwells appealed the trial court's order granting the Defendants' motion for judgment on the pleadings in response to their Complaint for Legal Malpractice, Attorney Deceit, Fraud Upon the Court, Breach of Fiduciary Duty, and Demand for Jury Trial arising out of the Defendants' representation of them in a personal injury lawsuit that was ultimately settled. This court held that "[a]lthough [the Stillwells] raise four theories, the substance of their *entire* complaint is a legal malpractice claim" and therefore, the trial court did not err in granting the motion because their claim was barred by a two year statute of limitations. *Id.* at *4-5 (emphasis added).

[2] The Stillwells now petition for rehearing, claiming that this court erred by overlooking and omitting from consideration certain material facts, namely that their attorney "illegally negotiated $181,327.01 of [the] amputation lawsuit settlement drafts without [their] knowledge [and then] converted the funds to his personal use." Petition for Rehearing by Appellants at 8-9. The Stillwells now claim this factual allegation constitutes a civil fraud claim, which has a six-year statute of limitations, and assert that the cases cited by this court in our original opinion were "unavailing for fraud." *Id.* at 5. We grant rehearing for the limited purpose of clarifying our original opinion and addressing the Stillwells' new claim on rehearing.

[3] Contrary to the Stillwells' assertion, the fact that our original opinion did not detail each and every single factual allegation contained in their complaint does

not mean this court overlooked or failed to consider all the factual allegations. In rendering our original opinion, this court carefully reviewed the pleadings and concluded the Stillwells' entire complaint, *including all the factual allegations*, constituted a legal malpractice claim. Therefore, we held that the Stillwells' claims were barred by the two-year statute of limitations for legal malpractice.

[4] In their petition for rehearing, the Stillwells now claim that Cohen & Malad's alleged unlawful cashing and personal use of the settlement drafts constitutes a civil fraud claim, which has a six-year statute of limitations. This is the first time the Stillwells have raised any claim of civil fraud. "One of the bedrock rules of appellate procedure is that an issue not briefed or urged in the original briefs on appeal generally cannot be raised for the first time in a petition for rehearing." *Hannoy v. State*, 793 N.E.2d 1109, 1111 (Ind. Ct. App. 2003), *trans. denied*. However, "[i]ssues may be raised for the first time on rehearing when a state court acts in an unanticipated way to deprive a party of the opportunity to make an argument or present a valid defense based on the Federal Constitution." *Strong v. Jackson*, 781 N.E.2d 770, 772 (Ind. Ct. App. 2003), *trans. denied*. Clearly, that is not what occurred here. The Stillwells were not denied any opportunity to raise this issue or argument in their original brief. Instead, they are now focusing on this particular factual allegation and attempting to show a civil fraud claim when they failed to do so in the first place. They may not retroactively advance a justification for a longer statute of limitations. Therefore, this issue is waived.

We grant the Stillwells' petition for rehearing, but in so doing we re-affirm our original opinion in all respects, subject to the above clarifications.

May, J., and Vaidik, J., concur.